# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

# TAMPA DIVISION

ADAM WAYNE TYLER ROBERTS,
Plaintiff,

v.

PAM BONDI and RICK SWEARINGEN,

    Defendants

_____/

Case No: 8:18-cv-1062-T-33TGW

**Opposition**

## **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Adam Wayne Tyler Roberts, hereby opposes Defendants' "motion to dismiss and incorporated memorandum of law". The Plaintiff's Complaint not only meets the standards governing the form of a complaint contemplated by Fed. R. Civ. P. 8(a), but also exceeds such requirements.  Additionally, the Florida Attorney General, being the chief state legal officer and the only official authorized to represent the State of Florida in Federal court is the proper Defendant, therefore Plaintiff has proper standing.

Accordingly, Defendants' motion should be denied. Reasons for doing so are stated below.

## LEGAL STANDARD

"It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Ganim v. Smith Wesson Corp., 258 Conn. 313, 326, 780 A.2d 98 (2001)

## ARGUMENT

### *I. Plaintiff's claims are sufficiently stated.*

The Defendants' motion to dismiss claims the Plaintiff "fails to state any claim upon which relief may be granted" and argues he "Fails to state a claim" under the second, fifth, fourteenth amendments of the US constitution, being void for vagueness under the US Constitution and Article X §6a of the Florida constitution. However, Defendants cite no valid authority to support the proposition that these or any other supposedly missing ingredients are, in fact, not present in the Complaint. Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each "allegation must be

simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d)(1). Plaintiff's Complaint does exactly this.

The Supreme Court has even explained that a complaint need only "give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); accord Atchison, Topeka & Santa Fe Ry. v. Buell, 480 U.S. 557, 568 n.15 (1987). Under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint" "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the Defendant fair notice of what the... claim is and the grounds upon which it rests.'" Epos Tech., 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

Thereby, Under Federal Rules, a complaint embodies a "notice pleading" and requires only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a Plaintiff's complaint is 'unintelligab[le] (sic),' not where a complaint suffers for 'lack of detail.'" Epos Tech., 636 F. Supp. 2d at 63 (citations omitted). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. See Swierkiewicz, 534 U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. See, e.g.,

Towers Tenant Ass'n v. Towers Ltd. P'ship, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded").

Plaintiff's Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Quite the Contrary, the Complaint clearly is well-organized, well-stated and has a more than sufficient statement of the claims and more than meets the requirement that it be "short and plain." For example, the Complaint Plaintiff specifically identifies how Florida Stat 790.222 constitutes a takings without compensation in the Florida Constitution (Compl. ¶33-43), takings without compensation on the Fifth Amendment grounds (Compl. ¶44-57), violation on Second Amendment Grounds (Compl. ¶58-69), Equal protection grounds under the Fourteenth Amendment (Compl. ¶70-81) and Void for Vagueness Challenges(Compl. ¶82-95) and a demand for relief (Compl. ¶96)

***II. The Court has subject matter jurisdiction over Plaintiff's claims against the Attorney General.***

Federal Courts have the authority to enjoin state officials from violating federal law.  The Supreme court also has ruled that Federal

courts may enjoin state officials from violating federal law. Fitzpatrick v. Bitzer, 427 U.S. 445 (1976)

Article IV §4(b) of Florida's Constitution clearly states the job of the attorney general, which is as follows.

*"The attorney general shall be the chief state legal officer. There is created in the office of the attorney general the position of statewide prosecutor. The statewide prosecutor shall have concurrent jurisdiction with the state attorneys to prosecute violations of criminal laws occurring or having occurred"* (Fla. Const. Article IV §4(b))

Clearly Defendant Pam Bondi, in her official capacity as the Attorney General of Florida is responsible for directing and supervising the statewide prosecution of all criminal law, which including Fla Stat 790.222, which is at issue here.

Therefore, having concurrent jurisdiction with state attorneys to prosecute violations of criminal law in the state of Florida, as well being the chief state legal officer, the Attorney General is the proper Defendant in this action.

Additionally, as mentioned in Defendants' motion, The Florida Attorney General is the only official authorized to represent Florida's state interests in Federal Court, as well as discretion to intervene in cases "in which the state may be a party, or in anywise interested"  State of Florida ex rel. Shevin v Exxon Corp, 526 F.2d 266,269 n13 (5th Cir 1976) state attorneys are not.

For the reasons stated above, The Court has subject matter jurisdiction, despite Defendants' claim to the contrary.

### III. Conclusion

Succinctly stated, Plaintiff's complaint fully complies with all pleading requirements of Federal Rules of Civil procedure 8(a) and provides the Defendants' fair notice of the constitutional violations and the grounds they're based upon.  Argument of the case as it progresses will add further details.  Defendant Pam Bondi, being chief state legal officer and being the only officer authorized to act on behalf of the state of Florida's interest in Federal court, is the proper defendant in this action.  For the reasons set above in the preceding paragraphs, Plaintiff requests that the Court deny Defendants' Motion to Dismiss the Complaint in its entirety.

Dated July 30, 2018                          Respectfully Submitted

                                             Adam Wayne Tyler Roberts


                                             _____/s/ Adam Roberts_____

                                                      Plaintiff, pro se

CERTIFICATE OF SERVICE

    I Adam Wayne Tyler Roberts ,HEREBY CERTIFY that a true and correct copy of the foregoing was served to Defendants' counsel through CM/ECF's Notice of Electronic Filing System.

    /s/ Adam Roberts

    Adam Wayne Tyler Roberts