UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAM WAYNE TYLER ROBERTS,

**Plaintiff,**

v.                                                                                  Case No. 8:18-CV-1062-T-33TGW

**RICK SWEARINGEN,**

   **Defendant.**
_____/

**DEFENDANT RICK SWEARINGEN'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Rick Swearingen, Commissioner, Florida Department of Law Enforcement, through undersigned counsel, answers Plaintiff's Complaint, which was filed on May 1, 2018, by responding to his allegations *seriatim*:

(Unnumbered paragraphs 1-3).  Admit only that Plaintiff filed this action against Rick Swearingen, in his official capacity as the Commissioner of the Florida Department of Law Enforcement, and that Plaintiff is seeking various aspects of declaratory and injunctive relief for violation of provisions of the Federal and Florida state constitutions; all other allegations in these paragraphs are denied.

**INTRODUCTION**

1. Admit that the Second Amendment of the U.S. Constitution states that "the right of the people to keep and bear Arms, shall not be infringed," but deny that there is a "guarantee" that would support Plaintiff's allegations.

2. – 5.  In an order dated August 21, 2018, the Court dismissed all of Plaintiff's

allegations that relate to the allegations in these paragraphs; therefore, Defendant does not need to respond to these allegations.

6. Admit only that § 790.222 makes it a crime to "import into this state or transfer, distribute, sell, keep for sale, offer for sale, possess, or give to another person a bump-fire stock;" all other allegations in these paragraphs are denied.

7. Without knowledge.

8. – 11. In an order dated August 21, 2018, the Court dismissed all of Plaintiff's allegations that relate to the allegations in these paragraphs; therefore, Defendant does not need to respond to these allegations.

12. Deny.

## JURISDICTION AND VENUE

13. Admit.

14. Deny that the Second Amendment of the United States Constitution is being violated so as to permit the court to award any relief from the statutory sections Plaintiff cites.

15. Admit that venue is proper under 28 U.S.C. § 1391(b)(1), but deny that it would be proper under either 28 U.S.C. § 1391(b)(2) or 28 U.S.C. § 1391(e)(1)(C).

## PARTIES

16. Without knowledge.

17. In an order dated August 21, 2018, the Court dismissed all of Plaintiff's allegations that relate to the allegations in these paragraphs; therefore, Defendant does not need to respond to these allegations.

18. As to the first sentence, admit that Defendant is the Commissioner of the Florida Department of Law Enforcement (FDLE"), and functions as FDLE's Executive Director. As to

the second sentence, admit that Defendant exercises or delegates the powers and duties of FDLE, and that FDLE has statewide jurisdiction to enforce the criminal laws, so that if criminal penalties are associated with the purchase and sale of firearms, FDLE has enforcement authority; any other allegations are denied.  The third and fourth sentences are admitted.

## FACTUAL ALLEGATIONS

### Florida's Ban on Bump Fire Stocks

19.  Admit that on March 9, 2018, Florida Governor Rick Scott signed into law Senate Bill 7026.  Deny that the Bill amended a preexisting § 790.222, Florida Statutes, and deny that Plaintiff completely and accurately cites to the wording of § 790.222.

20. – 26.  In an order dated August 21, 2018, the Court dismissed all of Plaintiff's allegations that relate to the allegations in these paragraphs; therefore, Defendant does not need to respond to these allegations.

27. – 29.  Deny.

30.  Admit that in the context of the facts in *District of Columbia v. Heller* case, the United States Supreme Court referred to a Second Amendment guarantee of an individual's right to possess and carry weapons, and was referring to the Second Amendment when it stated that it elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home, but deny that the *District of Columbia v. Heller* case would support Plaintiff's position in this case.

31.  Deny.

### The Impact of the Ban on Plaintiff

32.  Without knowledge as to the first and second sentences.  The third sentence is denied.

## COUNT 1

33. Defendant incorporates its previous answers as if set forth at length herein.

34. – 37. In an order dated August 21, 2018, the Court dismissed all of Plaintiff's allegations that relate to the allegations in these paragraphs; therefore, Defendant does not need to respond to these allegations.

## COUNT 2

38. Defendant incorporates its previous answers as if set forth at length herein.

39. – 43. In an order dated August 21, 2018, the Court dismissed all of Plaintiff's allegations that relate to the allegations in these paragraphs; therefore, Defendant does not need to respond to these allegations.

## COUNT 3

44. Defendant incorporates its previous answers as if set forth at length herein.

45. – 50. In an order dated August 21, 2018, the Court dismissed all of Plaintiff's allegations that relate to the allegations in these paragraphs; therefore, Defendant does not need to respond to these allegations.

## COUNT 4

51. Defendant incorporates its previous answers as if set forth at length herein.

52. – 57. In an order dated August 21, 2018, the Court dismissed all of Plaintiff's allegations that relate to the allegations in these paragraphs; therefore, Defendant does not need to respond to these allegations.

## COUNT 5

58. Defendant incorporates its previous answers as if set forth at length herein.

59. Admit that the Second Amendment of the U.S. Constitution states that "the right of

the people to keep and bear Arms, shall not be infringed," but deny that there is a "guarantee" that would support Plaintiff's allegations.

60. Admit.

61. Without knowledge.

62. – 63.  Deny.

## COUNT 6

64. Defendant incorporates its previous answers as if set forth at length herein.

65.  Admit that the Second Amendment of the U.S. Constitution states that "the right of the people to keep and bear Arms, shall not be infringed," but deny that there is a "guarantee" that would support Plaintiff's allegations.

66. Admit.

67. Without knowledge.

68. – 69.  Deny.

## COUNT 7

70. Defendant incorporates its previous answers as if set forth at length herein.

71. – 75.  In an order dated August 21, 2018, the Court dismissed all of Plaintiff's allegations that relate to the allegations in these paragraphs; therefore, Defendant does not need to respond to these allegations.

## COUNT 8

76. Defendant incorporates its previous answers as if set forth at length herein.

77. – 81.  In an order dated August 21, 2018, the Court dismissed all of Plaintiff's allegations that relate to the allegations in these paragraphs; therefore, Defendant does not need to respond to these allegations.

## COUNT 9

82. Defendant incorporates its previous answers as if set forth at length herein.

83. – 88.  In an order dated August 21, 2018, the Court dismissed all of Plaintiff's allegations that relate to the allegations in these paragraphs; therefore, Defendant does not need to respond to these allegations.

## COUNT 10

89. Defendant incorporates its previous answers as if set forth at length herein.

90. – 95.  In an order dated August 21, 2018, the Court dismissed all of Plaintiff's allegations that relate to the allegations in these paragraphs; therefore, Defendant does not need to respond to these allegations.

## DEMAND FOR RELIEF

96. Deny that the facts and the law support Plaintiff's claims in this case, and, therefore, deny that Plaintiff is entitled to any of the relief he is seeking.

WHEREFORE, for the foregoing reasons, Defendant requests that this court enter a judgment in his favor.

Respectfully Submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

/s/ *Albert J. Bowden*
Albert J. Bowden
Special Counsel
Florida Bar No. 802190
Al.Bowden@myfloridalegal.com
Office of the Attorney General
The Capitol, PL-01

Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300, Ext. 4716

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via email to all counsel, and to the Plaintiff, Adam Wayne Tyler Roberts, via the CM/ECF's Notice of Electronic Filing System since the Plaintiff has been authorized to use that system, this 7th day of September, 2018.

/s/ *Albert J. Bowden*
Albert J. Bowden