UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAM WAYNE TYLER ROBERTS,

    Plaintiff,

v.                                  Case No.: 8:18-cv-1062-T-33TGW

RICK SWEARINGEN,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to pro se Plaintiff Adam Wayne Tyler Roberts' Motion for Temporary Restraining Order (Doc. # 43), filed on September 25, 2018. Defendant Rick Swearingen responded the same day. (Doc. # 46). For the reasons that follow, the Motion is denied.

**I.    Background**

Roberts initiated this action against Swearingen and Pam Bondi on May 1, 2018. (Doc. # 1). In his Complaint, Roberts argues that a recently enacted state statute — Section 790.222, Fla. Stat. — violates article X, section 6 of the Florida Constitution as well as the Second, Fifth, and Fourteenth Amendments of the United States Constitution. (Id.). Swearingen and Bondi moved to dismiss the Complaint on July 2, 2018. (Doc. # 27).

1

On August 21, 2018, the Court dismissed all claims against Bondi as well as the Takings, Equal Protection, and vagueness claims in their entirety. (Doc. # 37). Therefore, this case is proceeding only as to the Second Amendment claim against Swearingen.

Now, over four months after the case was filed, Roberts has filed a Motion for Temporary Restraining Order to enjoin Swearingen "and his employees and agents from enforcing or applying Fla. Stat. § 790.222 until a hearing on [Roberts'] motion for preliminary injunction can be heard." (Doc. # 43 at 8). Roberts emphasizes that Section 790.222 becomes effective on October 1, 2018, and that "there [may] not be enough time to have the [preliminary injunction motion] heard before the law comes into effect." (Id. at 1-2). Swearingen has responded in opposition to the Motion (Doc. # 46), and the Motion is ripe for review.

**II. Discussion**

A court may issue a temporary restraining order if the movant establishes: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public

interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). "The movant bears the burden of establishing entitlement to a temporary restraining order." Edwards v. Cofield, No. 3:17-CV-321-WKW, 2017 WL 2255775, at *1 (M.D. Ala. May 18, 2017)(citing Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001)). "[A] [temporary restraining order] is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001)(per curiam)(citation omitted).

  **A.** **Substantial Likelihood of Success**

"The first of the four prerequisites to temporary injunctive relief is generally the most important." Schiavo ex rel. Schindler, 403 F.3d at 1232. "The necessary level or degree of possibility of success on the merits will vary according to the court's assessment of the other factors." Id. "A substantial likelihood of success on the merits requires a showing of only *likely* or probable, rather than *certain,* success." Id.

Roberts has not established a substantial likelihood of success. In the Motion, Roberts argues that Section 790.222

3

covers both actual bump-fire stocks and various other trigger modifications that Roberts owns. He argues Section 790.222 violates the Second Amendment because it outlaws those trigger modifications – not because it outlaws actual bump-fire stocks. (Doc. # 43 at 6).

Swearingen argues that Roberts cannot establish a likelihood of success on the merits of the Second Amendment claim because Section 790.222 simply does not outlaw the trigger modifications Roberts mentions. (Doc. # 46 at 8-10; Doc. # 47). While the Court emphasizes that it is not deciding the case on the merits at this juncture, the Court agrees with Swearingen that Roberts has not shown for the purposes of obtaining a temporary restraining order that the trigger modifications he mentions fall under the language of Section 790.222. Therefore, because Roberts has not supported his assertion that Section 790.222 applies to the relevant trigger modifications, he has not established a substantial likelihood of success on his claim that Section 790.222 violates the Second Amendment.

Second, even if Roberts had showed that the language of Section 790.222 applies to the trigger modifications, Roberts baldly asserts that the various trigger modifications are "in common use," so are covered by the Second Amendment. (Doc. #

43 at 4, 6). Roberts presents no support for this proposition, besides the allegation in his Complaint that such trigger modifications are "in common use." (Doc. # 1 at ¶¶ 61, 67). This is insufficient to establish a substantial likelihood of success on the merits of his Second Amendment claim.

Therefore, Roberts has not carried his burden of persuasion as to the likelihood of success on the merits. Accordingly, the Motion is denied and a temporary restraining order will not be entered.

### B.  **Irreparable Injury**

Even if Roberts had established a substantial likelihood of success on the merits, Roberts has not established an irreparable injury. Regarding irreparable injury, the Motion states:

> If Fla. Stat. § 790.222 came into effect while this case is ongoing, the bump fire stock(s) and/or firearms would have to be destroyed, otherwise [Roberts] would violate Fla. Stat. § 790.222 and become a Felon. The point of this legal action before the court is to permit possession of such devices, therefore it would jeopardize the chance for relief in this action. [Roberts] will be left with an irreparable injury, where no monetary compensation can cure or put the conditions back to where they were previously. In short, [Roberts] will suffer irreparable harm in absence of such relief.

(Doc. # 43 at 5-6).

But Roberts' claim that the possible loss of his trigger modifications is an irreparable injury is belied by the length of time that Roberts waited to move for injunctive relief. "A delay in seeking a preliminary injunction of even only a few months — though not necessarily fatal — militates against a finding of irreparable harm." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1248 (11th Cir. 2016). "Indeed, the very idea of a *preliminary* injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits." Id. So, "unexplained delays of a few months negate any claim of irreparable harm on a preliminary injunction motion" and many courts "typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months." Pals Grp., Inc. v. Quiskeya Trading Corp., No. 16-23905-CIV, 2017 WL 532299, at *6 (S.D. Fla. Feb. 9, 2017)(citations omitted).

Here, Roberts initiated this action challenging the constitutionality of Section 790.222 on May 1, 2018 — over four months before Roberts filed this Motion and the Motion for Preliminary Injunction. (Doc. ## 1, 42-43). This multi-month delay in seeking injunctive relief strongly militates against a finding of irreparable harm for the sake of entering a temporary restraining order. See Pals Grp., Inc., 2017 WL

6

532299, at *6 (noting that three-month delay was "by itself sufficient grounds to deny [the] request for an injunction"); Rodriguez v. Bryson, No. 5:17-CV-10-MTT-CHW, 2018 WL 2750232, at *4 (M.D. Ga. June 7, 2018)("Although Plaintiff commenced this action in January 2017, Plaintiff did not file his initial motion for preliminary injunctive relief until June 2017. This five-month delay militates against a finding of irreparable harm." (citation and internal quotation marks omitted)).

And, importantly, Roberts' Second Amendment claim challenges Section 790.222 only to the extent he alleges it renders possession of various trigger modifications illegal. (Doc. # 1 at ¶¶ 27, 61-62, 67; Doc. # 43 at 3-4). Thus, the only potential harm that Roberts faces if the statute is not enjoined is that he could potentially be arrested for possession of such trigger modifications unless he forfeits them. But, as Swearingen has maintained throughout this entire action that Section 790.222 does not apply to those various trigger modifications, the risk that Roberts will be arrested for violation of Section 790.222 for possession of those trigger modifications is remote and highly speculative. See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)("As we have emphasized on many occasions, the asserted

irreparable injury must be neither remote nor speculative, but actual and imminent." (citation and internal quotation marks omitted)).

Furthermore, the Court is not convinced that Roberts' forfeiture of any trigger modifications is an irreparable injury. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987). Swearingen is correct that, if Roberts forfeits his trigger modifications and actual bump-fire stocks and the Court later overturns Section 790.222, Roberts "could simply obtain money damages and buy" new trigger modifications and bump-fire stocks. (Doc. # 46 at 16).

In short, Roberts has failed to establish that he will suffer an irreparable injury if a temporary restraining order is not granted before a hearing can be held on the Motion for Preliminary Injunction. Therefore, the Motion is denied. See Siegel, 234 F.3d at 1176 ("[E]ven if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper.").

### III. Conclusion

Because the Motion fails to establish irreparable injury and a substantial likelihood of success on the merits, the Motion is denied, and the Court need not address the balance of harms or the public interest.

However, the Court notes that the Motion for Preliminary Injunction (Doc. # 42) is referred to the Magistrate Judge for a hearing and issuance of a Report and Recommendation. (Doc. # 44). The parties will be able to raise their arguments concerning the propriety of preliminary injunctive relief at the hearing on that Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Adam Wayne Tyler Roberts' Motion for Temporary Restraining Order (Doc. # 43) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of September, 2018.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE