**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ADAM WAYNE TYLER ROBERTS,

    *Plaintiff*,

    v.                                     Case No. 8:18-CV-1062-T-33TGW

RICK SWEARINGEN;

    *Defendant*.

_____/

## JOINT MOTION TO DISPENSE WITH MEDIATION

Plaintiff Adam Wayne Tyler Roberts and Defendant Rick Swearingen, in his official capacity as Commissioner of the Florida Department of Law Enforcement, hereby jointly move under Local Rule 9.03(c) to withdraw this case from the mediation currently scheduled for October 8, 2018. Pursuant to this Court's Case Management Order issued June 13, 2018, the parties contacted a mediator and scheduled a mediation for October 8, 2018, in order to meet the October 24, 2018 mediation deadline set by this Court. Under Local Rule 9.03(c), a case referred to mediation "may be exempt or withdrawn from mediation by the presiding judge at any time, before or after reference, upon a determination for any reason that the case is not suitable for mediation." According to the Local Rules, a purpose of this Court's mediation procedure is "to provide an alternative mechanism for the resolution of civil disputes . . . leading to disposition before trial of many civil cases with resultant savings in time and costs to the litigants and to the Court." L.R. 9.01(b).

Plaintiff and counsel for Defendant have engaged in discussions regarding whether this case is amenable to settlement. Those discussions have revealed that this case is not a suitable

candidate for settlement or mediation: Plaintiff seeks a judicial determination that Section 790.222, Florida Statutes, both facially and as-applied, violates the Second Amendment to the U.S. Constitution; Defendant contends that Section 790.222 does not violate the Second Amendment. Plaintiff and Defendant have explored alternative compromise positions and have concluded that none are mutually suitable. In other words, either the statute is constitutional or it is not, and Plaintiff's determination to seek a judicial resolution of that matter forecloses the possibility of settlement given Defendant's view that the statute is constitutional. Because of this impasse, and because of the "resultant savings in time and costs to the litigants and to the Court" of withdrawing the mediation—particularly in light of the travel costs for multiple mediation participants from Tallahassee, Florida—the parties respectfully request that the Court withdraw the October 8, 2018 mediation and issue an amended Case Management Order to reflect that the parties are no longer required to mediate.

Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL

*/s/ Adam Wayne Tyler Roberts*  */s/ Christopher J. Baum*
Plaintiff Adam Wayne Tyler Roberts  Christopher J. Baum (FBN 1007882)
DEPUTY SOLICITOR GENERAL

Edward M. Wenger (FBN 85568)
CHIEF DEPUTY SOLICITOR GENERAL
Jordan E. Pratt (FBN 100958)
DEPUTY SOLICITOR GENERAL
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3683
(850) 410-2672 (fax)
edward.wenger@myfloridalegal.com

Diana R. Esposito (FBN 16523)
Office of the Attorney General
Suite 1100
501 E Kennedy Blvd
Tampa, FL 33602
(813) 233-2600
diana.esposito@myfloridalegal.com

Albert J. Bowden (FBN 802190)
Special Counsel
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399-1050
(850) 414-3300
al.bowden@myfloridalegal.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this October 1, 2018, a copy of the foregoing was served on Plaintiff through CM/ECF's Notice of Electronic Filing System. Plaintiff, who is proceeding pro se, has been authorized to use the Court's CM/ECF system. *See* ECF No. 6.

/s/ *Christopher J. Baum*
Christopher J. Baum