# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

Adam Wayne Tyler Roberts
3320 13th St. E.
Bradenton, FL 34208-4254,
      *Plaintiff*,
v.

PAM BONDI, in her Official Capacity
as Attorney General of Florida,
Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399,

and

RICK SWEARINGEN, in his Official
Capacity as Commissioner of the Florida
Department of Law Enforcement,
Florida Department of Law Enforcement
2331 Phillips Road
Tallahassee, FL 32308,
*Defendants*.

Civil Action No. _____

8:18 cv 1062 T33TGW

FILED 2018 MAY -1 PM 2:04 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA, FLORIDA

**PRO SE COMPLAINT; DECLARATORY AND INJUNCTIVE**

**RELIEF SOUGHT**

**Plaintiff, Adam Wayne Tyler Roberts** files this complaint against the above-captioned defendants, in their official capacities as state

TBA-50376
$400

officials responsible under Florida law for administering and enforcing the state's laws and regulations governing firearms and firearm accessories.

Plaintiff seeks declaratory and injunctive relief; a declaration that Florida's law banning "Bump Fire Stocks" as defined in FLA. STAT. § 790.222 is unconstitutional under Article X §6(a) of the Florida Constitution and the Second, Fifth and Fourteenth Amendments to the United States Constitution, in addition to being void for vagueness.

Plaintiff seeks an injunction compelling defendants to refrain from enforcing the invalid ban and to allow all law-abiding citizens of the state of Florida to purchase, sell, trade, transfer and possess firearms and accessories, including "Bump Fire Stocks". In Support of its Complaint against Defendants, Plaintiff hereby alleges as follows:

## INTRODUCTION

1. The Second Amendment guarantees "...the right of the people to keep and bear Arms, shall not be infringed."

2. The Fifth Amendment guarantees no one shall be "deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

3. The Fourteenth Amendment's equal protection clause guarantees "...No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without

due process of law; *nor deny to any person within its jurisdiction the equal protection of the laws.*"

4. Article X §6(a) of the Florida Constitution reads "no private property shall be taken except for a public purpose and with full compensation therefore paid to each owner"

5. Unconstitutional vagueness is derived from the Fifth and Fourteenth Amendments to the United States Constitution. It is based upon the premise that no one must be subjected to criminal prosecution if he or she cannot reasonably understand what conduct is prohibited under the law. This in turn deprives citizens of their rights therefore violating due process.

6. FLA. STAT. 790.222 prohibits all citizens of the state of Florida, including law-abiding, peaceful and responsible citizens, from fully exercising the right to "import into this state or transfer, distribute, sell, keep for sale, offer for sale, possess, or give to another person a bump fire stock"

7. "Bump Fire Stocks" includes a common firearm accessory for AR-15 and other semiautomatic rifles that are owned by tens of thousands of Floridians throughout the state.

8. This blanket ban without remuneration violates the Takings Clause of the Fifth Amendment of the United States Constitution and is thus an uncompensated seizure invalid under the Constitution of the United States.

9. This blanket ban without remuneration violates the Takings Clause of the Florida Constitution and is thus an uncompensated seizure invalid under the Constitution of the state of Florida.

10. The vagueness and lack of specificity in the definition in terms defined in the law leaves it open to inconsistent interpretation and definition. This violates the Due Process Clause of the Fifth Amendment as well as the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

11. Furthermore, the lack of definition of terms such as "mimic automatic weapon fire" is vague and does not define what is enforceable, while inviting a multitude of interpretations. This makes FLA. STAT. § 790.222 unconstitutionally vague.

12. Any fire control modification that allows the trigger of a firearm to be pulled faster than it could before fits the definition of "Bump Fire Stock" under FLA. STAT. § 790.222. and therefore would be completely prohibited. Millions of hunting rifles and handguns would fit the definition of 'Bump Fire Stock'. Many of these modifications are permanent. This Violates the Second Amendment of the Constitution of the United States.

## JURISDICTION AND VENUE

13. This Court has subject-matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343.

14. Plaintiff seeks remedies under 28 U.S.C. §§ 1651, 2201, and 2202 and 42 U.S.C. §§ 1983 and 1988.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), (b)(2) & (e)(1)(C).

## PARTIES

16. Plaintiff is Adam Wayne Tyler Roberts, a resident of Bradenton, Manatee County, Florida.

17. Defendant Pam Bondi is the Attorney General of Florida. As Attorney General, she is responsible for directing and supervising the prosecution of all offenses against Florida's criminal law, including the ban on Bump Fire Stocks at issue in this case. Her official address is Office of Attorney General, State of Florida, The Capitol PL-01, Tallahassee, FL 32399. She is being sued in her official capacity.

18. Defendant Rick Swearingen is the Commissioner and Executive Director of the Florida Department of Law Enforcement. As Commissioner, he exercises, delegates, or supervises all the powers and duties of the Department, which is charged under Florida law with administering Florida's criminal laws governing the purchase and sale of firearms & accessories. His official address is 2331 Phillips Road, Tallahassee, FL 32308. He is being sued in his official capacity.

## FACTUAL ALLEGATIONS

### Florida's Ban on Bump Fire Stocks

19. On March 9, 2018, Florida Governor Rick Scott signed into law Senate Bill 7026 which, among other provisions, amends FLA. STAT. 790.222 as follows:

Bump-fire stocks prohibited.—A person may not import into this state or transfer, distribute, sell, keep for sale, offer for sale, possess, or give to another person a bump fire stock.  A person who violates this section commits a felony of the third degree, punishable as provided in s. 775.082,
As used in this section, the term "bump fire stock" means a conversion kit, a tool, an accessory, or a device used to alter the rate of fire of a firearm to mimic automatic weapon fire or which is used to increase the rate of fire to a faster rate than is possible for a person to fire such semiautomatic firearm unassisted by a kit, a tool, an accessory, or a device.

20. Article X §6(a) of the Florida's Constitution reads "no private property shall be taken except for a public purpose and with full compensation therefore paid to each owner"

21. Bump Fire Stocks are property of their respective owners, however FLA. STAT. 790.222 prohibits them from being imported, transferred, distributed, sold, kept or offered for sale, possessed, or given away to another with no provision for compensation by the State of Florida.

There is no legal way to get rid of a bump fire stock in Florida, including turning it into the police, other than to destroy it.

22. This is, in effect,  private property being "taken without compensation" and a clear violation of Article X §6(a) of the Florida Constitution, making FLA. STAT. 790.222 null and void.

23.  Similarly, under the Fifth Amendment of the United States Constitution, property being taken without compensation would be an

unlawful seizure, violating the Fifth Amendment's Takings Clause, making FLA. STAT. 790.222 null and void.

24. 790.222's definition of a "Bump Fire Stock" lacks specificity, allowing a multitude of interpretations. There is no definition of "mimic automatic weapon fire", therefore lacking specificity. The law does not specify what "mimic automatic weapon fire" mandates, nor does it define what is enforceable. Furthermore, on a semiautomatic weapon, the rate of fire is determined by the individual pulling the trigger, since 1 round is expelled per pull of the trigger.

25. Its clear that in the Fourteenth Amendment's equal protection clause "The Clause mandates that individuals in similar situations be treated equally by the law." Strauder v. West Virginia, 100 U.S. 303 (1880).

26. Under the current definition of "Bump Fire Stock", how fast one pulls the trigger of a semiautomatic firearm can be the determinate factor of whether one has violated the law and committed a felony. Different individuals may be able to pull the trigger faster than other individuals, and those vary at vastly different rates. For some, and on certain, particular rifles and handguns, any modification may fit the definition of "Bump Fire Stock", whilst for others who can pull the trigger rapidly, only a few products currently on the market would fit the definition of "Bump Fire Stock", namely trigger modifications. This would depend on the individual and how fast they can pull a trigger unassisted,

separating classes of citizens who can and cannot legally own the same product. Fla Stat. 790.222 cannot be enforced equally under similar situations, therefore the law is invalid under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

27. Lastly, any trigger modifications, trigger packs, trigger assemblies, trigger jobs, multi-stage triggers and other accouterments that tens of millions of firearms enthusiasts have installed on their weapons could, in fact, result in someone pulling the trigger at a faster rate than would be possible due to the faster reset time. This, in effect, could make many if not most or all of the firearms in the state of Florida subject to this prohibition.

28. On an ordinary semiautomatic hunting rifle, possession of an adjustable trigger would allow a faster rate of fire, as would a short-reset trigger, as well as a 2-stage trigger, therefore making the entire weapon a 'bump fire stock', subject to strict prohibition, and a 3rd degree felony in the State of Florida.

29. These are extremely common modifications to hunting rifles. Some come this way from the factory. According to the definition of "Bump fire Stock", adjusting the trigger would make the firearm, and the tool used to adjust the trigger a "Bump Fire Stock" It would then be subject to complete prohibition. Even if the tool used to adjust the firearm is a simple screwdriver.

30. The Second Amendment "guarantee[s] the individual right to possess and carry" firearms, and "elevates above all other interests

the right of law-abiding, responsible citizens to use arms in defense of hearth and home." : *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008).

31. This, is in effect an undue burden and a violation of the Second Amendment of the United States Constitution, this making FLA. STAT. 790.222 null and void.

### The Impact of the Ban on Plaintiff

32. The Plaintiff owns firearms a Bump Fire Stock may be installed on and in. The Plaintiff also owns Bump Fire Stocks, and other firearms that may be construed to be Bump Fire Stocks through trigger modifications and fire control group upgrades. These would be prohibited under FLA. STAT. § 790.222.

### COUNT 1
### Inverse Condemnations Fla. Constitution Article X§6(a)—Facial Challenge

33. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

34. Article X§6(a) of the Florida Constitution prohibits taking of private property without full compensation.

35. FLA. STAT. 790.222 prohibits importation into the state, transfer, distribution, sale, keeping or offering for sale, possession , or giving to another person Bump Fire Stocks. 39. This is in-effect a taking.

36. There is no compensation provided for this taking.

37. This is a violation of Article X §6(a) of the Florida Constitution, making FLA. STAT. 790.222 null, invalid and void.

## COUNT 2

### Inverse Condemnations Fla. Constitution Article X§6(a)—As Applied Challenge

38. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

39. Article X§6(a) of the Florida Constitution prohibits taking of private property without full compensation.

40. FLA. STAT. 790.222 prohibits the plaintiff from importing into the state, transferring, distributing, selling, keeping or offering for sale, possession, or giving to another person Bump Fire Stocks.

41. This is in-effect a taking from the Plaintiff.

42. Plaintiff has not been compensated for this taking.

43. Regardless of its facial validity, this is a violation of Article X §6(a) of the Florida Constitution, making FLA. STAT. 790.222 null, invalid and void.

## COUNT 3

### 42 U.S.C. § 1983 Action for Violation of U.S. CONST. Amend. V—Facial Challenge

44. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

45. U.S. CONST. Amend. V prohibits taking of private property without full compensation.

46. The U.S. Const. Amend. V right applies against the State of Florida under U.S. Const. Amend. XIV

47. FLA. STAT. 790.222 prohibits importation into the state, transfer, distribution, sale, keeping or offering for sale, possession, or giving to another person Bump Fire Stocks.

48. This is in-effect a taking.

49. There is no compensation provided for this taking.

50. This is a violation of The Takings Clause of U.S. Const. Amend. V , making FLA. STAT. 790.222 null, invalid and void.

## COUNT 4

### 42 U.S.C. § 1983 Action for Violation of

### U.S. CONST. Amend. V—As Applied Challenge

51. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

52. U.S. Const. Amend. V prohibits taking of private property without full compensation.

53. Amend. V right applies against the State of Florida under U.S. Const. Amend. XIV

54. FLA. STAT. 790.222 prohibits the plaintiff from importing into the state, transferring, distributing, selling, keeping or offering for sale, possession, or giving to another person Bump Fire Stocks.

55. This is in-effect a taking from the Plaintiff.

56. Plaintiff has not been compensated for this taking.

57. Regardless of its facial validity, this is a violation of the Takings Clause of U.S. Const. Amend. V, making FLA. STAT. 790.222 null, invalid and void.

### COUNT 5

### 42 U.S.C. § 1983 Action for Violation of

### U.S. CONST. Amends. II and XIV—Facial Challenge

58. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

59. U.S. Const. Amend. II guarantees "...the right of the people to keep and bear Arms, shall not be infringed."

60. U.S. Const. Amend. II right applies against the State of Florida under U.S. Const. Amend. XIV.

61. Firearms with modifications including, but not limited to, 2-stage triggers and short-reset triggers are "in common use" : United States v. Miller, 307 U. S. 174 (1939)

62. FLA. STAT. 790.222 prohibits law-abiding, responsible, citizens from possessing any firearm with such modifications as well as prohibiting importation into the state, transfer, distribution, sale, keeping or offering for sale, possession, or giving to another person firearms with such modifications.

63. This ban particularly infringes upon, and imposes an impermissible burden upon, U.S. Const. Amend. II rights of the Plaintiff and law abiding Floridians, therefore FLA. STAT. § 790.222 is unconstitutional, null and void.

## COUNT 6

### 42 U.S.C. § 1983 Action for Violation of

### U.S. CONST. Amends. II and XIV—As Applied Challenge

64. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

65. U.S. Const. Amend. II guarantees "...the right of the people to keep and bear Arms, shall not be infringed."

66. U.S. Const. Amend. II right applies against the State of Florida under U.S. Const. Amend. XIV.

67. Firearms with modifications including, but not limited to, 2-stage triggers and short-reset triggers are "in common use" United States v. Miller, 307 U. S. 174,

68. FLA. STAT. 790.222 bans plaintiff from possessing such firearms, as well as prohibiting importation into the state, transfer, distribution, sale, keeping or offering for sale, possession, or giving to another person firearms with such modifications.

69. Regardless of its facial validity, this ban particularly infringes upon, and imposes an impermissible burden upon, the Second Amendment rights of the plaintiff, therefore FLA. STAT. § 790.222 is unconstitutional, null and void.

## COUNT 7

### 42 U.S.C. § 1983 Action for Violation of Equal

### Protection under U.S. CONST. Amend. XIV—Facial Challenge

70. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

71. U.S. Const. Amend. XIV guarantees to all citizens the right to equal protection of the laws.

72. U.S. Const. Amend. XIV right applies against the State of Florida under the U.S. Const. Amend. XIV Equal Protection Clause.

73. FLA. STAT. § 790.222 prohibits only certain law-abiding citizens from possessing, importing into the state, transferring, distributing, selling, keeping or offering for sale, or giving to another person devices which are a conversion kit, a tool, an accessory, or a device used to alter the rate of fire of a firearm to mimic automatic weapon fire or which is used to increase the rate of fire to a faster rate than is possible for a person to fire such semiautomatic firearm unassisted by a kit, a tool, an accessory, or a device.

74. Since different people are capable of pulling a trigger of a firearm at vastly different rates, the same conversion kit, tool, accessory or device possessed by one person would be perfectly legal, while another person in possession of the identical device would be committing a 3rd degree felony, punishable by 5 years imprisonment.

75. This ban violates the U.S. Const. Amend. XIV's Equal Protection rights of Plaintiff, and law-abiding gun owning Floridians. Therefore FLA. STAT. § 790.222 is unconstitutional, null and void.

**COUNT 8**

## 42 U.S.C. § 1983 Action for Violation of Equal Protection under U.S. CONST. amend. XIV—As Applied Challenge

76. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

77. U.S. Const. Amend. XIV guarantees to all citizens the right to equal protection of the laws.

78. U.S. Const. Amend. XIV right applies against the State of Florida under U.S. Const. Amend. XIV's Equal Protection Clause.

79. FLA. STAT. § 790.222 prohibits only certain law-abiding citizens from possessing, importing into the state, transferring, distributing, selling, keeping or offering for sale, or giving to another person devices which are a conversion kit, a tool, an accessory, or a device used to alter the rate of fire of a firearm to mimic automatic weapon fire or which is used to increase the rate of fire to a faster rate than is possible for a person to fire such semiautomatic firearm unassisted by a kit, a tool, an accessory, or a device.

80. Since different people are capable of pulling a trigger of a firearm at vastly different rates, the same conversion kit, tool, accessory or device possessed by one individual would be perfectly legal, while the plaintiff in possession of the identical device would be committing a 3rd degree felony, punishable by 5 years imprisonment.

81. Regardless of its facial validity, this ban violates the U.S. Const. Amend. XIV's Equal Protection rights of Plaintiff. therefore FLA. STAT. § 790.222 is unconstitutional, null and void.

### COUNT 9

### 42 U.S.C. § 1983 Action for Violation of

### U.S. CONST. Amends. V and XIV Void For Vagueness—Facial Challenge

82. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

83. Void for Vagueness applies to the state of Florida under amendments V and XIV of the United States Constitution.

84. FLA. STAT. § 790.222 does not provide a definition for "mimic automatic weapon fire".

85. Florida' "Bump Fire Stock" prohibition lacks language to define what is specifically prohibited and is unconstitutionally vague.

86. This ban violates the Vagueness Doctrine due to the fact it does not state explicitly what it mandates, and what is enforceable.

87. Therefore FLA. STAT. § 790.222 is a law that is too vague to be understood.

88. Therefore FLA. STAT. § 790.222 is Void for Vagueness, unconstitutional, null and void.

### COUNT 10

### 42 U.S.C. § 1983 Action for Violation of

### U.S. CONST. Amends. V and XIV Void for Vagueness—As Applied Challenge

89. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

90. Void for Vagueness applies to the state of Florida under amendments V and XIV of the United States Constitution.

91. FLA. STAT. § 790.222 does not provide a definition for "mimic automatic weapon fire"

92. Florida' "Bump Fire Stock" prohibition lacks language to define what is specifically prohibited to the plaintiff and is unconstitutionally vague.

93. This ban violates the Vagueness Doctrine due to the fact it does not state explicitly what it mandates, and what is enforceable.

94. The law that applies to Plaintiff is too vague to be understood.

95. Therefore FLA. STAT. § 790.222 is void for vagueness, unconstitutional, null and void.

### DEMAND FOR RELIEF

96. WHEREFORE, Plaintiff prays and demands for an order and judgment:

   a. Declaring that FLA. STAT. § 790.222 violates the Article X §6(a) of the Florida Constitution and the Second, Fifth and Fourteenth Amendments to the United States Constitution and is thus devoid of any legal force or effect;

   b. Enjoining Defendants and their employees and agents from enforcing FLA. STAT. § 790.222;

    c. Enjoining Defendants and their employees and agents from applying FLA. STAT. § 790.222

    d. Preliminary Injunction Enjoining Defendants and their employees and agents from enforcing or applying FLA. STAT. § 790.222 until this litigation is resolved.

    e. Granting any other further relief as this Court deems just and proper.

Dated: May 1, 2018

Respectfully Submitted,

_____

Adam Wayne Tyler Roberts

3320 13th St. E.

Bradenton, FL 34208-4254

(941)-877-0324

adam@bumpstocklegalaction.com

Plaintiff, Pro Se

## Verification

I, Adam Wayne Tyler Roberts am the Plaintiff in this action. I have written the above complaint and I have personal knowledge of the matters stated the foregoing.

I declare, Under the penalty of perjury under the laws of the State of Florida that the foregoing is true and correct to the best of my knowledge and abilities.

Declared this 11th day of October 2018, County of Manatee, Florida.

/s/ Adam Roberts

Adam Wayne Tyler Roberts

CERTIFICATE OF SERVICE

I Adam Wayne Tyler Roberts ,HEREBY CERTIFY that a true and correct copy of the foregoing was served to defendants' counsel through CM/ECF's Notice of Electronic Filing System.

/s/ Adam Roberts
Adam Wayne Tyler Roberts